FILED
CLERK

11:42 am, Sep 28, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DAVID J. O'CONNOR,,

                Plaintiff,

    -against-

NANCY A. BERRYHILL,
 Acting Commissioner of Social Security,

                Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-04395 (ADS)(GRB)

**APPEARANCES:**

**Law Office of Sharmine Persaud**
*Counsel for the Plaintiff*
1105 Route 110
Farmingdale, NY 11735-4818
    By:    Sharmine Persaud, Esq., Of Counsel.

**United States Attorney's Office**
**Eastern District of New York**
*Counsel for the Defendants*
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201
    By:    Matthew Silverman, Assistant United States Attorney, Of Counsel.

**SPATT, District Judge**:

On August 7, 2016, plaintiff David J. O'Connor (the "Plaintiff") commenced this civil action pursuant to the Social Security Act, 42 U.S.C. § 405, *et seq.*, challenging a final determination by the Defendant Nancy A. Berryhill (the "Defendant" or the "Commissioner"), who was the acting commissioner at the time of filing, that he is ineligible to receive Social Security disability insurance benefits.

1

On March 1, 2018, the Court referred the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) to United States Magistrate Judge Gary R. Brown.

On August 30, 2018, Judge Brown issued a Report and Recommendation ("R&R"), recommending that the Court deny the Plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion for judgment on the pleadings, and remand the case to the Administrative Law Judge ("ALJ") for further proceedings.

Presently before the Court are the Defendant's objections to the R&R. For the reasons stated below, the Court denies the Defendant's objections and adopts the R&R in its entirety.

## I. BACKGROUND

**A. THE ALJ DECISION**

The Plaintiff filed a Title II application for Social Security Disability Benefits on November 5, 2012, alleging disability due to herniated discs, spinal tilt, sciatic nerve damage, sciatica, degenerative disc disease, foot numbness, and significant disc space narrowing as of December 22, 2011. Tr. at 134–40, 168.1

On March 6, 2015, ALJ Gal Lahat issued a decision (the "ALJ Decision") finding that the Plaintiff was not disabled, as defined in the Social Security Act, and therefore was not entitled to disability insurance benefits. *Id.* at 13–31. In his decision, the ALJ found that the Plaintiff had the following severe impairments: obesity, degenerative disc and joint disease of the lumbar spine, status post lumbar decompression and discectomy, and degenerative changes of the thoracic spine. Tr. at 18. Notwithstanding this finding, the ALJ found that the Plaintiff was not disabled because he had the residual functional capacity to perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b) in that the Plaintiff was able to lift/carry and push/pull 20 pounds

2

occasionally and 10 pounds frequently; was capable of sitting or standing for six hours; walking two hours in an eight-hour workday, with continuous walking limited to one hour; was limited to occasional climbing of ramps and stairs, stoop, kneel, crouch and crawl; but was unable to climb ladders, ropes, or scaffolds. *Id.* at 19.

Relevant here, the ALJ gave "some weight" to the opinions of treating physicians Stephen Geiger, M.D., and James C. Farmer, M.D.; and "considerable weight" to the report of the consultative medical examiner Chaim Shtock, D.O. *Id.* at 22–25. The details underlying these opinions are set forth in the R&R. *See* R&R at 8–14.

## B. THE R&R

The R&R found that the ALJ failed to properly evaluate the medical evidence by according less than controlling weight to the opinions of the Plaintiff's treating physicians, Dr. Geiger and Dr. Farmer. The ALJ gave greater weight to the opinion of the consultative medical examiner, Dr. Shtock, without articulating "good reasons" for the weight assigned. R&R at 22. The R&R also found that the ALJ failed to fully develop the record in accordance with the applicable regulations. *Id.* Accordingly, Judge Brown recommended that the matter be remanded to allow the ALJ to properly develop the record completely and clarify the reasons for his decision. *Id.* at 29.

## C. THE DEFENDANT'S OBJECTIONS

The Defendant objects on the grounds that the ALJ properly weighed the medical opinion evidence of record; that the ALJ fulfilled his duty to properly develop the record; and that the ALJ's finding was supported by substantial evidence. ECF 30. Specifically, the Defendant argues that that the ALJ gave Dr. Farmer and Dr. Geiger's opinions controlling weight to the extent that they were supported by medically acceptable clinical and laboratory diagnostic techniques and were not contradicted by other substantial evidence in the record. He found that the Plaintiff was

indefinitely disabled from performing construction work, but did not construe their opinions to mean that the Plaintiff was indefinitely disabled from performing any and all work activity.

## II. DISCUSSION

**A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R**

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07–Civ.–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and

recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, ––– Fed.Appx. –––, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-Civ.-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS OF THIS CASE**

As an initial matter, the Court finds that the gravamen of the Defendant's objections represent attempts to re-litigate issues already considered by Judge Brown. Specifically, the Defendant's arguments that the ALJ afforded proper weight to the relevant medical opinions and that the ALJ decision was supported by substantial evidence largely reiterate, and in many instances copy, the stances taken in the original motion papers. Reviewing the R&R for clear error on these issues, the Court finds none. Where appropriate, the Court will specifically address the

issues to which it applies *de novo* scrutiny. The Court concurs with Judge Brown on these issues, as well.

### 1. The Treating Source Opinions of Dr. Farmer and Dr. Geiger

Judge Brown found that the ALJ failed to reference and/or provide good reasons for discounting the assessments by Dr. Farmer and Dr. Geiger that the Plaintiff's ability to resume work was "indefinite." R&R at 24. The Defendant asserts that the ALJ gave these opinions controlling weight to the extent that they were supported by the record, and only departed from these opinions to the extent that they were not supported by the totality of the evidence. In particular, the Defendant claims that the treating source opinions supported the conclusion that that the Plaintiff was indefinitely disabled from construction work, but not indefinitely disabled from performing any and all work activity. Objection at 2–3, 7–8. The Defendant bases these objections on Dr. Shtock's examination, statements made by the Plaintiff in his testimony, and the contents of Dr. Farmer's treatment notes supposedly establishing his ability to perform lighter work. Objection at 3–4. These objections are almost verbatim recitations of the arguments made before Judge Brown. *Compare* ECF 21 ("Motion") at 19, *with* Objection at 2. *Compare* Motion at 20–21, *with* Objection at 5. *Compare* Motion at 14–15, *with* Objection at 3–4.

Judge Brown considered and rejected these arguments. The R&R specifically addressed "the ALJ's ultimate conclusion that 'the evidence as a whole' reflected that plaintiff could perform less than a full range of light work" and determined that it "appears to be the result of an incomplete analysis of the factors set forth in the treating physician rule as well as an incomplete evaluation of their assessments." R&R at 25–26. Therefore, the clear error standard applies to Judge Brown's determinations regarding the weight attributed to the opinions of treating physicians. The Court has reviewed the R & R for clear error, and, finding none, concurs with the R&R.

Judge Brown also explained that the ALJ erred by failing to articulate good reasons for failing to assign controlling weight to Dr. Farmer's opinions by: (1) focusing "primarily on the post-operative records"; (2) failing "to reference and/or provide good reasons for discounting Dr. Farmer's reports" discussing leg pain involving multiple other areas along with x-rays post lumbar decompression and discectomy showing "a large central canal disc herniation at L4-L5, L-5, nerve compression, L5-S1 disc protrusion"; (3) failing to note limitations identified in Dr. Farmer's assessments including a limited ability to stand and walk. R&R at 22-23. The Defendant objects that "these statements are not considered treating source opinions that would be entitled to controlling weight under the regulations." Objection at 6; *see also id.* (objecting on the ground that "the radiological findings were listed in the form as 'objective findings,'" rather than as opinions). Because the Defendant did not raise this in the underlying briefs, the Court will review it *de novo*.

Taking the Defendant's argument at face value, and assuming that these portions of Dr. Farmer's opinion are not entitled to controlling weight, they nonetheless represent significant, relevant pieces of evidence the ALJ was required to address when making his decision. Therefore, the ALJ erred by failing to consider or reference these portions of the record supporting Dr. Farmer's reports. *See Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 290 (E.D.N.Y. 2004) (while "[f]actual determinations, based on the weighing of evidence, are within the ALJ's competence . . . in making these determinations, the ALJ must address the evidence in the record" and an "ALJ's failure to mention several parts of the record which contradicts his conclusion is error").

2. **Dr. Shtock's Examining Source Opinion**

Judge Brown next found that the ALJ erred in assigning more weight to Dr. Shtock's opinions than to Dr. Farmer's and Dr. Geiger's opinions. RR at 25–26. The Defendant objects that Dr. Schtock's opinions were, in fact, consistent with Dr. Farmer's findings, as well as the greater

7

part of the medical record. Thus, the Defendant believes that Dr. Schtock's opinion can constitute substantial evidence in support of the ALJ's determination. Objection at 8–9.

As with the Defendant's objections regarding Dr. Farmer and Dr. Geiger's opinions, these objections merely restate the arguments made the first time around before Judge Brown. *Compare* Motion at 16 ("Specifically, Dr. Shtock's clinical findings were consistent with Dr. Farmer's findings of full strength and intact sensation in Plaintiff's lower extremities at each post-operative appointment. Additionally, Dr. Shtock's opinion that Plaintiff had mild limitations in sitting and standing are consistent with Plaintiff's reported activities."), *with* Objection at 8–9 ("However, Dr. Shtock's clinical findings were consistent with Dr. Farmer's findings of full strength and intact sensation in Plaintiff's lower extremities at each post-operative appointment. . . . Additionally, Dr. Shtock's opinion that Plaintiff had mild to moderate limitations are consistent with Plaintiff's reported activities[.]"). *Compare* Motion at 16 ("[T]he ALJ properly concluded that Dr. Shtock's opinion was entitled to considerable weight, as it was supported by a full clinical examination and review of Plaintiff's radiological studies. Additionally, the ALJ also assigned the most weight to Dr. Shtock's opinion because it was consistent with the overall record.") *and* Reply at 4 ("[T]he ALJ properly considered the opinions of Dr. Shtock, and determined that they were supported by specific clinical findings and consistent with the record as a whole."), *with* Objection at 9 ("[I]t is important to note that the ALJ considered the opinion in the context of Dr. Shtock's examination report, which contained mostly normal examination findings, and in the context of the greater medical record, which also showed significant improvement after surgery and a wide range of activities.").

Judge Brown considered these arguments and disagreed with the claim that Dr. Shtock's opinion was "consistent with Dr. Shtock's examination of the plaintiff and the other evidence in

8

the record." R&R at 26–27. Thus, clear error review is appropriate. The Court has reviewed the R & R, and, finding no such error, concurs with the R&R.

### 3. The ALJ's Duty to Properly Develop the Record

Judge Brown found that, "*[b]ecause there is not sufficient medical evidence supporting the ALJ's RFC determination that plaintiff could perform less than light work*, the ALJ was obligated to develop the record and obtain a functional capacity assessment from plaintiff's treating physicians, Dr. Farmer and/or Dr. Geiger." R&R at 28 (emphasis added). The Defendant objects that the ALJ was not required to obtain additional treating source opinions, because the Commissioner believes that the record was sufficiently developed for the ALJ to assess the Plaintiff's functional capabilities and limitations. Objection at 10.

As an initial matter, the Defendant's objection relates to an issue already presented to Judge Brown—whether sufficient medical evidence supported the ALC's RFC determination. Judge Brown decided against the Defendants, and then, flowing from that decision, found that the ALJ also failed to fulfill his obligation to develop the record further. In other words, Judge Brown's assessment of the medical record was a necessary predicate to concluding that the ALJ should have sought clarification from Dr. Farmer and/or Dr. Geiger. Indeed, the lynchpin of the Defendant's objection to this finding is that "there are no 'obvious gaps in the record'" due to the existence of Dr. Shtock's consultative examination and the notes and opinions of Dr. Farmer and Dr. Geiger. Objection at 11. However, the Defendant extensively briefed the sufficiency of the facts in these opinions to support an RFC determination in the briefs underlying the Commissioner's original motion. *See* Motion 14–17. As a result, objections to the R&R are not the proper vehicle to raise these arguments, as they are more appropriately addressed on appeal. Therefore, this objection is subject to clear error review, like the Defendant's other objections.

9

Nonetheless, the Court finds that it agrees with Judge Brown's opinion, even if it assessed his determination *de novo*. The Second Circuit has established that "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). A necessary corollary of this principal is that "if an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly." *Hartnett v. Apfel*, 21 F.Supp.2d 217, 221 (E.D.N.Y.1998); *see also Marshall v. Colvin*, No. 12-CV-6401T, 2013 WL 5878112, at *9 (W.D.N.Y. Oct. 30, 2013) ("It is well established in the Second Circuit that an ALJ is under an obligation to develop the administrative record fully, to ensure that there are no inconsistencies in the record that require further inquiry, and to obtain the reports of treating physicians and elicit the appropriate testimony during the proceeding."); *accord Rosa*, 168 F.3d at 79.

The affirmative obligation to develop the record may also include a requirement to contact a claimant's treating physician in order to obtain their opinions regarding the claimant's residual functional capacity. *See, e.g.*, *Johnson v. Astrue*, 811 F. Supp. 2d 618, 630–31 (E.D.N.Y. 2011) ("[T]he Commissioner has an affirmative duty to request RFC assessments from plaintiff's treating sources despite what is otherwise a complete medical history."); *Lawler v. Astrue*, No. 10-CV-3397 ARR, 2011 WL 5825781, at *7 (E.D.N.Y. Nov. 14, 2011) ("An ALJ's affirmative obligation to develop the record also includes the obligation to contact a claimant's treating physicians and obtain their opinions regarding the claimant's residual functional capacity.").

Here, according to the Defendant's own argument, the ALJ determined that Dr. Farmer and Dr. Geiger's opinions did not adequately support the Plaintiff's preferred RFC determination, and that it might have supported the *opposite*, notwithstanding the fact that both doctors opined

that the Plaintiff's ability to resume work was indefinite. This is exactly the sort of inconsistency that triggers the obligation to seek clarification from the treating physician. *See LoRusso v. Astrue*, No. 08 CV 3467 (RJD), 2010 WL 1292300, at *7 (E.D.N.Y. Mar. 31, 2010) (finding that ALJ erred when concluding treating source supported adverse decision when reached without asking physician about RFC determination); *Marshall v. Colvin*, No. 12-CV-6401T, 2013 WL 5878112, at *9 (W.D.N.Y. Oct. 30, 2013) ("Since the ALJ had nothing more than treatment records and two functional capacity reports to review, one from a consultative examiner and the other from Dr. Walter, he had an affirmative duty to develop the record and request that Plaintiff's treating physicians assess her RFC.").

The cases cited by the Defendant to the contrary—a series of unpublished summary affirmances by the Second Circuit—are inapposite. Specifically, none of these cases involved the decision by an ALJ to discredit the opinion of a treating physician on a pertinent issue. *See Pellam v. Astrue*, 508 F. App'x 87, at 89–90 (2d Cir. 2013) (finding that there was no obligation to evaluate the medical opinion of a *consultative examiner*, given that the ALJ based its decision on the contemporaneous medical records of the claimant's treating physician); *Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, at 84 (2d Cir. 2015) (affirming ALJ decision basing findings on "the psychiatric evaluation of a consultative psychologist who personally examined [the plaintiff] as well as [the plaintiff's] complete medical history and treatment notes, which themselves contained multiple psychological assessments of [the plaintiff]").

Therefore, the Court concurs with the R&R on this issue.

### 4. Whether the ALJ's RFC Finding Is Supported by Substantial Evidence

Lastly, the Defendant objects that the "Plaintiff has not met his burden of showing that he cannot perform at the RFC" and that the "ALJ's RFC finding is supported by substantial evidence"

due evidence in "the longitudinal medical record, Plaintiff's treatment notes, Plaintiff's statements and reported activities, and treating source opinions." This is the same argument the Defendant made in its underlying motions, *see* Motion at 13–14, and is essentially an offshoot of the arguments discussed above. Because the Court concurs with Judge Brown that the ALJ erred when weighing the medical evidence, the ALJ Decision cannot properly be deemed supported by substantial evidence. Therefore, the Court overrules this objection.

### III. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety and denies the Defendant's objections. Therefore, the Court **DENIES** the Plaintiff's motion for judgment on the pleadings, **DENIES** the Commissioner's cross-motion for judgment on the pleadings, and **REMANDS** the case to the ALJ for further proceedings. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York

September 28, 2018

    /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge